UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>EUGENIA ALOICE ALLEN-VRABLIK,<br><br>    Debtor.<br><br>DAVID VRABLIK, et al.,<br><br>    Appellants,<br><br>v.<br><br>HSBC BANK,<br><br>    Appellee. | CASE NO. C12-0185JLR<br><br>Bankruptcy No. 10-1100-TWD<br><br>ORDER |

    This matter comes before the court on Plaintiffs/Appellants David Vrablik and Eugenia Allen-Vrablik's (the "Vrabliks") motion for leave to appeal the bankruptcy court's order granting summary judgment to Defendant/Appellee HSBC Bank ("HSBC").

ORDER - 1

(Vrablik Mot. (Dkt. # 1).) Having reviewed the motion, the relevant law, and the balance of the record, the court DENIES the Vrabliks' motion WITHOUT PREJUDICE.

## I. BACKGROUND

This appeal arises out of an adversarial proceeding filed by the Vrabliks in bankruptcy court concerning the priority and validity of certain liens on the property (the "Property") where the Vrabliks reside. (*See Vrablik v. Pate, et al.*, No. 10-1100-TWD (Bankr. W.D. Wash. 2010), Adversary Proceeding (Dkt. # 1).) On October 24, 2011, HSBC Bank, a defendant in the adversarial proceeding, moved for summary judgment, seeking, *inter alia*, a finding from the bankruptcy court that its lien on the Property was valid and superior to any interest of the Vrabliks. (*See id.* (Dkt. # 65).) On December 21, 2011, the bankruptcy court heard oral argument on HSBC's motion for summary judgment, and orally granted the motion. (*See generally id.*) The bankruptcy court issued its written order ("Order") granting HSBC's motion on January 3, 2012. (*See id.* (Dkt. # 100).) On January 13, 2012, the Vrabliks filed a notice of appeal to the district court with respect to the Order. (*See id.* (Dkt. # 102).)

## II. ANALYSIS

District courts have jurisdiction to hear appeals (1) from final judgments, orders, and decrees in bankruptcy proceedings; (2) from interlocutory orders issued under 11 U.S.C. § 1121(d); and, (3) with leave of the court, from other interlocutory orders and decrees entered by a bankruptcy judge. 28 U.S.C. § 158(a). As a threshold matter, although not styled as such, the court finds that the Order is an interlocutory order governed by 28 U.S.C. § 158(a)(3). A bankruptcy adversary proceeding is akin to an

ordinary federal civil action. *See In re Belli*, 268 BR 851, 854-55 (B.A.P. 9th Cir. 2001). As a result, "finality for purposes of jurisdiction over 'as of right' appeals under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291." *Id.* at 855. Here, although the Order grants HSBC's motion for summary judgment, other issues and parties remain in the adversarial proceeding. (*See generally Vrablik v. Pate, et al.*, No. 10-1100-TWD, Adversary Proceeding.) Indeed, in the adversarial proceeding, Defendant OneWest Bank, FSB, has a pending motion for summary judgment (*id.* (Dkt. # 110)), and the Vrabliks have pending claims against Defendant Raymond Sandoval (*id.* (Dkt. # 1)). Had the Order been entered in an ordinary federal civil case, it would not be considered a final order, and would not be appealable absent certification from the district court. Accordingly, the court treats the Vrabliks' motion as a motion for leave to appeal an interlocutory order of the bankruptcy court.

While district courts must hear appeals from final decisions, they have discretionary authority to hear interlocutory appeals. *In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003). In considering motions for leave to appeal a bankruptcy court's interlocutory order pursuant to 28 U.S.C. § 158(a)(3), district courts look to the standards set forth in 28 U.S.C. § 1292, which governs interlocutory appeals from the district courts to the circuit courts. *See Belli v. Temkin (In re Belli)*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001). Section 1292 permits interlocutory appeals where the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance

the ultimate termination of the litigation [.]" 28 U.S.C. § 1292(b). Generally, courts disfavor interlocutory appeals and only grant leave to appeal where three factors are met. *In re NSB Film Corp.*, 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994); *In re Burke*, 95 B.R. 916, 917 (B.A.P. 9th Cir. 1989); *In re 450 S. Burlington Partners LLC*, No. CV 09-4097 PSG, 2009 WL 2460880, at *5 (C.D. Cal. 2009). Indeed, another district court has stated:

> Because an interlocutory appeal represents a deviation from the basic judicial policy of deferring review until the entry of a final judgment, the party seeking leave to appeal an interlocutory order must also demonstrate that exceptional circumstances exist.

*In re Philadelphia Newspapers, LLC*, 418 B.R. 548, 557 (E.D. Pa. 2009); *see also In re Wyss*, 2008 WL 3850386, at at *1 (W.D. Wis. 2008) ("[U]nless exceptional circumstances are present appeals must await final order at which point all issues can be resolved at once. In other words, it must be clear than an interlocutory appeal will materially improve efficiency.").

The Vrabliks' do not address this aforementioned law in their motion for leave to appeal; and accordingly, the Vrabliks have not met their burden to show that the Order meets the § 1292(b) test. (*See generally* Vrablik Mot.) The Vrabliks' motion provides factual background for their affirmative claims in the adversarial proceeding, argues that their appeal is meritorious, and states support for their positions on the issues they wish to appeal. (*See generally* Vrablik Mot.) None of this information is pertinent to the legal framework under which this court analyzes a motion for leave to file an interlocutory appeal. The Vrabliks provide no indication that an interlocutory appeal of the Order will

advance the litigation such that the district court should hear the appeal now as opposed to at the end of the adversarial proceeding. Additionally, while the Vrabliks state that they may lose their house if the court does not grant them leave to file an interlocutory appeal (Vrablik Mot. at 2), they do not provide the court with a status of any pending foreclosure on the Property demonstrating that exceptional circumstances exist. Accordingly, the court denies the Vrabliks' motion for leave to appeal the interlocutory order of the bankruptcy court.

### III. CONCLUSION

For the foregoing reasons, the court DENIES the Vrabliks' motion for leave to appeal (Dkt. # 1) WITHOUT PREJUDICE.

Dated this 27th day of February, 2012.

_____
The Honorable James L. Robart
U.S. District Court Judge